ON MOTION
PER CURIAM.

ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Verlon G. Tanner’s appeal of the judgment of the United States Court of Appeals for Veterans Claims in Tanner v. Peake, No. 06-2312 (May 19, 2008). Tanner responds.
The Board of Veterans’ Appeals denied Tanner’s claim for service connection for a lower left leg extremity disability. The Court of Appeals for Veterans Claims affirmed the Board’s decision and Tanner appealed.
The court’s jurisdiction to review decisions of the Court of Appeals for Veterans Claims is limited. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). Except to the extent that an appeal raises a constitutional issue, this court “may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2).
In his informal brief, Tanner indicates that the Court of Appeals for Veterans Claims’ decision involved the validity or interpretation of a statute or regulation.* Tanner cites the benefit of the doubt rule, 38 U.S.C. § 5107(b). The benefit of the doubt rule provides that “[w]hen there is an approximate balance of positive and negative evidence regarding any issues material to determination of a matter, the Secretary shall give the benefit of the doubt to the claimant.” The Secretary *628 argues that by asking the court to determine that the benefit of the doubt rule applies to this case, Tanner implicitly asks the court to reweigh the evidence in contravention of 38 U.S.C. § 7292(d)(2). The court agrees. Further, Tanner’s remaining arguments concern the facts of his case and the weighing of evidence. These arguments concern the Court of Appeals for Veterans Claims’ factual determinations and applications of the law to the facts. Thus, pursuant to 38 U.S.C. § 7292(d)(2), Tanner’s appeal is not within this court’s jurisdiction.
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion to dismiss is granted.
(3) Each side shall bear its own costs.

 In his informal brief, Tanner states that he is "not sure if part of [his 38 U.S.C. § ] 1151 *628 claim is part of” this case. The court notes that in its decision, the Court of Appeals for Veterans Claims indicated that Tanner’s § 1151 claim had been referred to the regional office and thus was not part of this case.